NO. 07-10-0211-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 23, 2011

_____

JIMMY DORSEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,615-A; HONORABLE DAN SCHAAP, JUDGE[1]

_____

Before HANCOCK and PIRTLE, JJ. and BOYD, S.J.[2]

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Jimmy Dorsey, was convicted by a jury

of unauthorized use of a vehicle,[3] enhanced, and sentenced to thirteen years

---

[1]Hon. David Gleason, sitting by assignment, Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).

[2]Hon. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (West 2005).

[3]Tex. Penal Code Ann. § 31.07 (West 2011).

confinement. In presenting this appeal, counsel has filed an *Anders*[4] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this Court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

---

[4] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, at 408 n.22 & at 411 n.35.

The victim, Eddie England, testified that he and Appellant met at a pub and he offered Appellant a ride to a friend's home afterwards. Appellant later showed up at England's and England, believing Appellant was a prowler, called police. After officers arrived, the mistake was cleared up and England allowed Appellant to stay with him. According to England, the next morning in the garage, Appellant made unwanted sexual advances toward him and when he dozed off in a chair, he was hit by Appellant with a bottle. When he woke up, he was again attacked by Appellant with a knife. England made it to the bathroom to wash up and then noticed Appellant drive away in his pickup. He called the police and after they arrived, he was taken to a local hospital and then flown to Lubbock by helicopter for further treatment. England testified that Appellant did not have permission to take his pickup.

During his testimony, Appellant offered a conflicting version of the events leading to England's injuries. Appellant testified that he had met England a week earlier at a pub and encountered him again a week later. He claims England offered him a ride to his home where they drank excessively and talked for hours in England's garage. According to Appellant, he asked to use the bathroom and as he tried to enter the house, England made unwanted sexual advances toward him which included grabbing him by the neck and buttocks. In an attempt to defend himself against a sexual assault, Appellant struck England on the head with a bottle and also picked up a knife to continue defending himself. According to Appellant, he saw England's pickup keys on a table, picked them up, and managed to drive away in England's pickup.

3

By the *Anders* brief, counsel raises the legal and factual sufficiency of the evidence as an arguable issue[6] and then candidly discusses the State's evidence as well as Appellant's testimony as being sufficient to prove the elements of unauthorized use of a vehicle. He also notes that Appellant was given every defensive instruction requested and was zealously represented by trial counsel. Although Appellant testified to raise the defenses of self defense and necessity, Tex. Penal Code Ann. §§ 9.22 and 9.31 (West 2011), the jury rejected his theories.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[6]The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979)*. See Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010).